Argued at Pendleton November 1, 1932; affirmed January 24; rehearing denied February 21, 1933

# LOCKWOOD *v.* GUGIN ET AL.
### (18 P. (2d) 246)

*John F. Kilkenny,* of Pendleton (Peterson & Lewis, Raley, Raley & Warner, and Alfred F. Cunha, all of Pendleton, on the brief), for appellants.

*Herbert C. Bryson,* of Walla Walla, Washington (Stephen A. Lowell, of Pendleton, on the brief), for respondent.

KELLY, J. Defendants claim that there was an oral agreement between plaintiff, who is the mortgagee, and defendant, S. C. Parrish, who is one of the mortgagors, in the realty mortgages in suit to the effect that the mortgagors, Gugin and Parrish, should seed the premises, the same being farm land, for a

crop, and in consideration thereof, plaintiff extended the date of maturity of the first instalment and agreed not to institute a suit to foreclose until the expiration of one year.

This is an affirmative defense. The defendants have failed to establish it by a preponderance of the evidence. Mr. Parrish testified that such an agreement was made. Mr. Lockwood denied it and two witnesses, one of them being a son of Mr. Lockwood, testified that they heard the conversation in which defendants claim the agreement was made and that the matter of extending the time for payment was not mentioned.

It is also urged that, by the terms of the Uniform Sales Act, the crop, as sown and growing, is personal property (section 64-806, Oregon Code 1930); that being personal property, it was capable of being sold, and that therefore it could be mortgaged. Defendant, The First Inland National Bank of Pendleton, as successor of The First National Bank of Pendleton, holds a chattel mortgage upon said crop and seeks a decree adjudging said chattel mortgage to be a valid and subsisting lien against the real property in suit in the sum of $1,150, prior to the liens of plaintiff's mortgages.

■ We hold that the provisions of the Uniform Sales Act are not applicable to mortgages. (Section 64-805, Oregon Code 1930.)

Defendants urge that the section, above cited, rendering the Uniform Sales Act inapplicable, is restricted by its terms only to transactions evidenced by a form of a contract to sell, or a sale, which, while in the form of such a contract only, nevertheless actually is intended as a mortgage, pledge, charge or other

security. We have been cited to no case construing this section of the Uniform Sales Act. The case of *Julius Levin Co., Inc., v. Rosenfield,* 230 Ill. App. 126, holds that a "transaction intended to operate by way of pledge" is not created by an ordinary contract of sale followed by a pledge of the goods to the seller to secure the price. That case is not in point here.

Section 64-805, Oregon Code 1930, except as to the phrase "unless so stated" is the same as subsection 4 of section 61 of The English Sale of Goods Act, 1893. In the English case of *Reid v. Macbeth & Gray* (1904) A. C. 223; 73 L. J. P. C. 57, the House of Lords construed a contract for the purchase of a ship, containing the following clause:

"(4) The vessel as she is constructed, and all her engines, boilers, and machinery, and all materials from time to time intended for her or them, whether in the building yard, workshop, river or elsewhere, shall immediately as the same proceeds become the property of the purchasers, and shall not be within the ownership, control, or disposition of the builders, but the builders shall at all times have a lien thereon for their unpaid purchase money".

In that case, Lord Robertson, with whom Lord Lindley agreed, said of the clause just quoted: "Art. 4 of the contract seems to me exactly to fall within sub-s. 4 of s. 61 of the Act.—that is to say, it 'is intended to operate by way of mortgage, pledge, charge or other security.'" It will be noted that this case was decided before the enactment of the Oregon Uniform Sales Act.

Another English case, but one decided since our statute was adopted wherein the section under consideration was construed, is the case of *Gavin's Trus-*

*tee v. Fraser* (1920), S. C. 674. In that case, there was a contract of sale of a haulage plant containing a stipulation that within a specified time thereafter, the seller might repurchase the plant for 1,200 pounds with interest at 6 per cent, but the seller gave no personal obligation to repay the price and the purchaser came under no obligation to account for the value of the plant if he realized it.

The Lord Ordinary (Lord Sands) held that the transaction came under the exception in section 61 (4) of the sale of goods act. The court of session reversed the learned Lord Ordinary. In that case, the Lord President of the Court of Session (Lord Clyde), inter alia, says:

"The Lord Ordinary's decision in favour of the pursuer really turns on the meaning which his Lordship assigns to section 61 (4). That enactment excludes from the application of the act 'any transaction in the form of a contract of sale which is intended to operate by way of * * * security.' It is not clear whether the important relative clause refers to the 'contract of sale,' or to the 'transaction,' as its true antecedent. I think it refers to the 'transaction,' but the point is of no moment for purposes of construction, at least in this case. Further, I think that, by the words 'in the form of a contract of sale,' it is not meant to limit the clause to transactions which receive formal expression from the parties *only* in sale-form; it is enough that they employ sale-form in making their transaction. It is implied that there are other constituent elements of intention in the transaction, and to these the parties may or may not give formal expression".

We think that it is immaterial whether the intention that the transaction shall operate by way of mortgage, et cetera, is expressed in the contract, as in the case

at bar, or is determined by parol testimony. In neither case, do the provisions of the Uniform Sales Act relating to contracts to sell and to sales apply.

■ The heading of the section under consideration (section 64-805, Oregon Code 1930) was arranged in the bill and adopted with it; therefore, if the sense of the section be deemed doubtful, reference may be had to this heading to determine how the section should be construed: Lewis Sutherland Statutory Construction (2d Ed.) section 362, and cases there cited in notes 97 and 98; *State ex rel. Van Winkle v. Siegmund,* 125 Or. 197 (266 P. 1075). The heading is in these words, "Provisions not applicable to mortgages".

The decree of the circuit court is affirmed.

RAND, C. J., BEAN and ROSSMAN, JJ., concur.